# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1713V**

|  |  |
|---|---|
| JON-PAUL CORREIRA,<br><br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2026 |

*Elizabeth Ellis Simek, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 3, 2023, Jon-Paul Correira filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine administered to him on November 22, 2022. Petition, ECF No. 1. On October 1, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation, in the amount of $67,500.00. ECF No. 42.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $141,265.67 (representing $136,984.80 in fees plus $4,280.87 in costs). Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs (Motion") filed October 28, 2025, ECF No. 46. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 46 at 3.

Respondent reacted to the Fees Motion on November 12, 2025, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent specifically highlights the fact that the fees sought in this case are more than double the Petitioner's award, and exceed what is typical for a SIRVA case resolved in the SPU without expert involvement. Respondent's Response to Motion at ECF No. 48. On November 12, 2025, Petitioner filed a reply addressing Respondent's comments and requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 49.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants (as here). Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2025 by the attorneys in question are reasonable and consistent with our prior determinations and will therefore be awarded herein.

However, numerous tasks were more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal.

In addition, I find there is redundant time billed for the preparation and review of cursory documents by attorney Simek. The billing records establish that Ms. Simek prepared basic documents (such as a notice of filing or updated exhibited list) at a paralegal rate, but then billed at her attorney rate to review the same documents that she had produced. *See*, e.g., ECF No. 46-2 at 1-60 (entries dated: 12/21/2023, 5/24/2024, 6/13/2024, 7/25/2024, 9/23/2024, 11/1/2024, 12/30/2024, 2/11/2025, 3/7/2025). In some instances, such as when a paralegal prepares a document that requires review and

---

[3] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, and drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. Entries that include paralegal tasks billed at an attorney rate include the following: 6/12/2023 (2 entries), 6/21/2023 (2 entries), 6/23/2023, 7/7/2023, 7/12/2023, 7/21/2023, 7/24/2023, 7/26/2023 (4 entries), 7/31/2023, 8/4/2023, 8/7/2023, 9/7/2023, 9/22/2023 (2 entries), 10/5/2023, 10/11/2023, 10/19/2023, 10/26/2023, 11/16/2023, 11/17/2023. This is not an exhaustive list. ECF No. 46-2 at 1-60.

approval by an attorney, it is reasonable for the attorney to bill at their rate for an additional review. However, it is not reasonable for an attorney to seek dual, and overlapping, rates for work on essentially the same document or task.

In addition, I take into account the overall excessive amount of fees requested in this matter. The claim was successfully settled within two years of filing, without a great deal of litigious back-and-forth. SPU SIRVAs should generally not entail excessive amounts of attorney time – and that goes double for a case that settles for less than $70,000.00, as here. Vaccine practitioners are only entitled to reasonable fees, even when successful, but it is not reasonable to incur nearly $140,000.00 in fees in a matter like this.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments. Here, such an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total attorney fees to be awarded herein by *fifteen* percent as a fair adjustment to account for the paralegal duties issue mentioned, as well as the total unreasonable amount billed to the matter. **Application of the foregoing reduces the total amount of attorney fees to be awarded by $20,547.72**.[4]

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 46-4 at 1-32. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded fees and costs in the total amount of $120,717.95 (representing $116,437.08 in fees plus $4,280.87 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the

---

[4] This amount is calculated as follows: $136,984.80 x .15 = $20,547.72.

4

Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.